### 23165. STAMBAUGH v. CITY OF DEMOREST.

CANDLER, Presiding Justice. Ann B. Stambaugh filed a suit for legal and equitable relief against the City of Demorest, a municipal corporation, on March 24, 1964. Her petition in substance alleges: The city, acting through its agents and employees, entered upon her land on or about March 7, 1964, cut down about 20 of her trees, began the construction of a 40-foot wide public road or street on and across it and is threatening to cut other trees on her property and to continue the construction of such public road or street. She further alleged that the defendant city by such acts had taken and was damaging her property without first paying just and adequate compensation therefor in violation of Art.I, Sec. III, Par. I of the Constitution of Georgia (*Code Ann.* § 2-301) which provides that, "Private property shall not be taken or damaged for public purposes, without just and adequate compensation being first paid." She prayed for an injunction, temporary and permanent, to prevent further injury and damage to her property and for the recovery of $1,000 as actual damage to her property and for $10,000 as punitive damages.

The defendant demurred generally to the petition as a whole on the ground that it stated no cause of action for any of the relief sought and specially to that portion of the petition which sought and prayed for damages, actual and punitive,

on the ground that it failed to allege that she had given the ante litem notice required by *Code Ann.* § 69-308 which is a condition precedent to the filing of an action for damages against a municipal corporation. By one order the court overruled the general demurrer to the petition and sustained the special demurrer to that part of the petition which sought and prayed for damages and the order further recites and provides: "Plaintiff having declined time within which to amend her petition to meet the objections raised by the paragraphs of defendant's demurrer hereby sustained, it is further considered, ordered and adjudged that plaintiff's said petition be, and the same is hereby dismissed." The exception is to that judgment. *Held:*

1. A petition which states a cause of action for any of the substantial relief sought is not subject to general demurrer. In the instant case the court properly held that the petition stated a cause of action for the injunctive relief sought and prayed for and, having so held, it was erroneous to afterwards dismiss the petition as a whole.

2. That part of the petition which sought and prayed for damages, actual and punitive, was subject to special demurrer. *Code Ann.* § 69-308 in part provides: "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment." Here the petition failed to show that the plaintiff, prior to the institution of this litigation, presented her claim for damages to the city as required by *Code Ann.* § 69-308 and it is settled by the decision of this court in *Thompson v. City of Atlanta*, 219 Ga. 190 (1) (132 SE2d 188) that compliance with the terms of such Code section is a condition precedent to the maintenance of an action for damages such as the plaintiff here seeks to recover.

But since the special demurrer attacked only a particular part of the petition, the proper action for the court to have taken would have been to strike from the petition the objectionable portion thereof and leave the petition pending as to that portion of it where its allegations were sufficient to show the plaintiff was entitled to recover injunctive relief. *Blackwell v. Ramsey-Brisben Stone Co.*, 126 Ga. 812 (55 SE 968); *Cheatham v. Palmer*, 191 Ga. 617 (5) (13 SE2d 674); and *Watts v. Rich*, 49 Ga. App. 334 (175 SE 417).

*Judgment affirmed in part; reversed in part. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED OCTOBER 11, 1965—DECIDED NOVEMBER 4, 1965.

*Kimzey & Kimzey, Herbert B. Kimzey*, for appellant.
*Linton K. Crawford, Crawford & Griggs*, for appellee.