### 75415. DIMAURO v. THE STATE.
#### (364 SE2d 900)

BIRDSONG, Chief Judge.

Appellant, Angelo A. Dimauro, was indicted for the offenses of aggravated assault (four counts), arson in the first degree (two counts), criminal damage to property in the second degree (reduced to criminal trespass), cruelty to animals, and possession of a firearm during the commission of a felony. Appellant entered a plea of not guilty by reason of insanity, but was found guilty but mentally ill on all counts. *Held*:

1. Appellant's first enumerated error is that the trial court erred in overruling the motion for a new trial. We disagree. Construing the evidence in a light most favorable to the verdict, we find that a rational trier of fact could have found appellant guilty but mentally ill beyond a reasonable doubt; and, we also find that a rational trier of fact could have found that appellant failed to prove by a preponderance of the evidence that he was insane at the time the charged crimes were committed. *Milam v. State*, 255 Ga. 560 (3) (341 SE2d 216), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) and *Brown v. State*, 250 Ga. 66, 71-72 (295 SE2d 727).

2. Appellant's second enumerated error is that the trial court erred in denying his motion for mistrial when appellant's character was improperly placed in issue by the prosecution. A police detective testified that a photographic line-up was conducted using a photograph of appellant that was on file "from a previous arrest in DeKalb County." Appellant moved for a mistrial; however, the trial judge denied the motion and gave the jury a curative instruction to completely strike the statement from their minds, to "totally disregard it," and "not to use that statement at all in [their] deliberations." The decision whether to grant a mistrial or give a curative instruction ordinarily rests in the trial judge's sound discretion. *Crawford v. State*, 256 Ga. 585 (2) (351 SE2d 199). However, appellant argues that because the defense of insanity was being asserted and the jury was given a charge "which specifically defined insanity as *not* repeated unlawful or antisocial conduct" (emphasis in appellant's brief), that a curative instruction was inadequate to remedy this alleged error. We note that the trial judge also informed the jury that "[t]he term mentally ill does not include a mental state manifested only by repeated unlawful or antisocial conduct," but this instruction obviously did not exacerbate or rejuvenate the original error, as the jury found appellant guilty but mentally ill on all counts. We are satisfied that the jury

followed the curative instruction and that the appellant was not prejudiced in any manner by the detective's reference to appellant's apparent prior arrest. We will not disturb the trial court's ruling absent an abuse of discretion; abuse of discretion does not exist in this case because the curative instruction served to prevent the alleged harmful testimony from having any prejudicial impact on appellant. *Crawford*, supra at 587; see *Dunn v. State*, 251 Ga. 731 (4) (309 SE2d 370) (reference to an arrest, made in presence of jury, without other detail, is harmless error when proper curative instruction given).

3. Appellant's third enumerated error is that "[t]he trial court erred in charging the jury that it might find appellant mentally ill, thus guilty but mentally ill 'by a preponderance of the evidence.'" The appellant has enumerated no other specific errors concerning the instructions.

The trial court instructed the jury that: "If you believe beyond a reasonable doubt . . . that the defendant is guilty and you also believe by a preponderance of the evidence . . . that the defendant was mentally ill at the time of the commission of the offense then you would be authorized to find the defendant guilty but mentally ill." OCGA § 17-7-131 (c) (2) pertinently provides that: "The defendant may be found 'guilty but mentally ill . . .' if the jury . . . finds beyond a reasonable doubt that the defendant is guilty of the crime charged and was mentally ill or mentally retarded at the time of the commission of the crime."

Assuming that the proper statutory standard for establishing the element of mental illness for purposes of OCGA § 17-7-131 (c) (2) is that of "beyond a reasonable doubt" (*Spivey v. State*, 253 Ga. 187 (2) (319 SE2d 420)), our review of the record fails to disclose how appellant could have been prejudiced by the instruction given. Appellant argues, that because the jury twice requested additional instructions "[i]t is quite likely the jury did not find the appellant mentally ill beyond a reasonable doubt" and implies that he was somehow convicted because of this instruction when he otherwise would have been found insane and/or acquitted.

At the onset we find that the jury was not erroneously instructed as to the law regarding the presumption of innocence, the State's burden of proof to convict, the presumption of sanity, the appellant's initial burden to establish his insanity, when the State has the burden to rebut evidence of insanity, reasonable doubt, and as to the possible verdicts of not guilty and not guilty by reason of insanity. Yet the jury found the accused neither not guilty nor not guilty by reason of insanity.

We will not speculate as to the jury's actual verdict; it speaks for itself. The appellant was found "*guilty* of all counts beyond a reasonable doubt, but mentally ill." To reach this finding under the trial

court's instruction, which rightfully or wrongfully became the law for the jury to follow, the jury had to find by proof beyond a reasonable doubt that the defendant was guilty of all charged offenses. The ultimate burden of proof needed to warrant appellant's conviction properly and unequivocally was placed on the State. The jury could not have reached its verdict if it harbored any reasonable doubt of the defendant's guilt.

Mental illness was not an element of the underlying offenses of which appellant was charged. Thus, the guilty but mentally ill verdict, in this instance, merely allowed for an accommodation to the mental health needs of the appellant who was found guilty, but was laboring under a mental illness which fell short of the legal defenses of insanity and delusional compulsion promulgated in OCGA §§ 16-3-2 and 16-3-3. Compare *Spivey v. State*, supra at 189 with *Kirkland v. State*, 166 Ga. App. 478, 482 (304 SE2d 561).

Considering the trial court's instructions to the jury in their totality, we are satisfied that the jury did not find the accused either guilty of the charged crimes or free from delusional compulsion and insanity based on the erroneous charge which is the subject of this particular assignment of error. C.f., *Felts v. State*, 244 Ga. 503 (3) (260 SE2d 887) (finding any possible error harmless after viewing the jury instructions as a whole). Further, considering this particular error "in the context of the entire case," we conclude that it is "highly probable" that the error did not contribute to the jury's verdict of guilty but mentally ill. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (adopting the "highly probable test" as a test for determining whether a nonconstitutional error was harmful in a criminal case). Thus, this assignment of error is without merit.

4. Appellant's final enumerated error is that the guilty but mentally ill verdict is in itself a denial of due process; thus the trial court erred in entering judgment and sentencing on such a verdict. Specifically, appellant asserts that this verdict subverts and disregards the *mens rea* requirement. Appellant's argument is not persuasive. As previously indicated, the guilty but mentally ill verdict merely "allows for accommodation to the mental health needs of those defendants who are guilty, but have a mental disorder *which falls short of* insanity" and delusional compulsion. (Emphasis supplied.) *Spivey v. State*, supra at 189. Accordingly, the statute authorizing this verdict neither was intended to nor does subvert or disregard the *mens rea* requirement of criminal law. Further, the definition of "mentally ill" is not unconstitutionally vague and thus lacking in due process. *Wilson v. State*, 257 Ga. 444 (12) (359 SE2d 891); *Worthy v. State*, 253 Ga. 661 (6) (324 SE2d 431); *Cooper v. State*, 253 Ga. 736 (5) (325 SE2d 137). Accordingly, "[t]he creation of the category of guilty but mentally ill is not unconstitutional for any reason of which this de-

fendar may complain." *Keener v. State*, 254 Ga. 699, 702 (334 SE2d 175).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 12, 1988.

Carl Greenberg, for appellant.

Robert E. Wilson, District Attorney, Elisabeth MacNamara, J. Michael McDaniel, Assistant District Attorneys, for appellee.