Gary Wayne **LANCASTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–87–00134–CR.

Court of Appeals of Texas, Tyler.

March 28, 1988.

Rehearing Denied May 10, 1989.

John Sickel, Canton, for appellant.

Tommy Wallace, Crim. Dist. Atty., Canton, for appellee.

BILL BASS, Justice.

This is an appeal from a conviction for driving while intoxicated (DWI). A jury convicted the appellant of this offense, and the trial court assessed a term of fifteen days' confinement in the county jail and a fine of $750.00. Imposition of sentence was suspended, and appellant was placed on probation for two years. We affirm.

At 8:30 on the evening of October 10, 1986, Texas Department of Public Safety (DPS) Trooper Kim Drummond arrested Gary Wayne Lancaster for DWI. Traveling east on I–20 near the town of Canton, Lancaster drove his pickup truck past Drummond's vehicle at a speed of 65 m.p.h. in a 55 m.p.h. zone. Drummond pulled over Lancaster for speeding after pacing his car for several seconds. Noticing the appellant's bloodshot eyes and detecting the smell of alcohol on his breath, Drummond conducted a field sobriety test on Lancaster. Believing the appellant intoxicated because of his unsatisfactory performance on this test, Drummond arrested Lancaster for DWI. Upon arrival at the highway patrol office in Canton, Drummond administered an intoxilyzer test and videotaped Lancaster's performance on a sobriety test. After blowing a 0.15 on the intoxilyzer test, Lancaster was charged with the offense of DWI. The appellant brings three points of error.

In his first point of error, the appellant contends that the trial court erred in allowing the opinion testimony of Drummond on the field sobriety test he gave Lancaster without requiring the State to establish the trooper as an expert witness. Trooper Drummond gave Lancaster a type of field sobriety test known as the horizontal nystagmus gaze test. The American Heritage Dictionary (2d ed.1982) defines nystagmus as a spasmodic, involuntary motion of the eyeball. This procedure tests the ability of the subject to focus his eyes on an object, usually a pen or pencil, and track its movement with only his eyes. In conducting this test, Drummond held a pen about twelve inches from Lancaster's face and asked him to follow the pen without moving his head as he moved the pen back and forth and left and right. Drummond testified that Lancaster exhibited jerky eye movement which indicated that he had been drinking.

The appellant contends that because the test is not well known or widely understood only an expert should present his opinion on the results of the test. Texas courts have consistently upheld DWI convictions based on the opinion testimony of police officers who observed the defen-

dant's unsatisfactory performance on field sobriety tests. *Cockerham v. State*, 401 S.W.2d 839, 840 (Tex.Cr.App.1966); *Watkins v. State*, 741 S.W.2d 546, 549 (Tex. App.—Dallas 1987, no pet.); *Barraza v. State*, 733 S.W.2d 379, 380 (Tex.App.—Corpus Christi 1987, no pet.); *Lewis v. State*, 708 S.W.2d 561, 562 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Irion v. State*, 703 S.W.2d 362, 363 (Tex.App.—Austin 1986, no pet.). Drummond testified that the horizontal nystagmus gaze test is simply one of the battery of sobriety tests given to those suspected of drinking while driving. In fact, the court in *Martin v. State*, 724 S.W.2d 135, 137 (Tex.App.—Fort Worth 1987, no pet.), upheld a DWI conviction based on the opinion testimony of the arresting officer who gave the defendant a horizontal gaze sobriety test. For this reason, the State did not have to qualify Trooper Drummond as an expert to solicit his opinion testimony about Lancaster's performance on this field sobriety test. Appellant's first point of error is overruled.

■ In Lancaster's second point of error, he contends that the trial court erred in granting the State's motion for continuance during trial. The trial court granted the State's motion for continuance at 4:00 p.m. on the first day of trial because the State's second and final witness was testifying in another court on that afternoon. The continuance was granted for James Hughes, a technical supervisor for the DPS, who testified the following morning about the accuracy of the intoxilyzer which the appellant had used. The granting or denying of a motion for continuance is within the sound discretion of the trial court. *Bradshaw v. State*, 482 S.W.2d 233 (Tex.Cr.App.1972). An examination of the record shows that the trial would not have concluded on that day even if the State's witness had testified. The trial court committed no abuse of discretion in granting this motion for continuance. Appellant's second point of error is overruled.

In his third point of error, the appellant contends that the trial court erred in refusing to allow the defense to show a portion of the videotape during his closing argument. Defense counsel attempted to replay a part of the videotape to illustrate his argument that the appellant had not lost the normal use of his mental and physical faculties despite the intoxilyzer results. "Proper jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Cr.App.1984). "The trial court has discretion to permit an attorney to use visual aids in summarizing the evidence." *Vera v. State*, 709 S.W.2d 681, 687 (Tex.App.—San Antonio 1986, pet ref'd). In this case, the prosecutor used dolls to help summarize a sexual assault case during closing argument to the jury. In *Hill v. State*, 647 S.W.2d 306 (Tex.App.—Corpus Christi 1982, pet. ref'd), the court allowed the prosecutor in his closing argument to read a letter to the jury written by the defendant which the State had introduced into evidence during the trial. Exhibiting a rifle allegedly used in a robbery was found to be proper jury argument. *Howell v. State*, 224 S.W.2d 228 (Tex.Cr. App.1949).

■ Clearly, an advocate may reinforce a jury argument with still photographs. We are unable to perceive any distinction between the use in argument of a photograph and a motion picture that would serve as a ground for barring the use of the motion picture. If anything, the motion picture is apt to be the more persuasive. A videotape showing the condition of a DWI. defendant minutes after his arrest is evidence, particularly relevant, demonstrative, and compelling. We conclude that the use in argument of a moving picture is as proper as the use of any other picture if it can be employed within the reasonable time constraints necessarily imposed by the trial court.

■ The trial court erred in refusing to allow the showing of the videotape during the defense counsel's closing argument. However, we conclude that the trial court's error was not reversible. The jury had seen the videotape during the presentation

of the State's case and could again view the videotape during its deliberation. We conclude beyond a reasonable doubt that the trial court's refusal to allow the showing of the videotape made no contribution to the conviction or to the punishment. Tex.R. App.P. 81(b)(2). Appellant's third point of error is overruled.

Judgment is affirmed.