# 77174. WADDELL v. THE STATE.
(379 SE2d 592)

BENHAM, Judge.

In a bifurcated trial, appellant was convicted of aggravated assault; possession of a firearm during the commission of a felony; and possession of a firearm by a convicted felon. On appeal, he claims entitlement to a new trial on the grounds that his trial counsel was ineffective and that the trial court failed to give an appropriate instruction concerning the bifurcated nature of his trial.

The evidence showed that the victim suffered numerous small puncture wounds on his face, ears, neck, and upper chest. The wounds were caused by a discharge of birdshot from a sawed-off shotgun fired by appellant, who claimed he acted in self-defense. Appellant stated that the victim was standing on the far side of a pickup truck and, using a two-hand hold, was pointing a gun at appellant. An eyewitness testified that he did not see a gun in the victim's hand until he checked on the victim's status after the shooting. A firearms expert testified that if the victim had been holding a gun in a two-hand hold as appellant said he was, the victim would have received birdshot pellet injuries to his hands. The emergency personnel who treated the victim at the scene testified that the victim had no wounds to his hands.

1. "To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [Cit.]" *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988).

At the hearing on appellant's motion for new trial, appellant's trial counsel testified to his opinion that he had not rendered appellant effective assistance of counsel during voir dire due to physical illness. Trial counsel stated that the illness prevented him from fully participating in the jury selection, which resulted in the inclusion on the jury of the wife of a deputy sheriff. Trial counsel testified that he believed his performance was not within the range of competence expected of criminal defense attorneys, and that there was a reasonable probability that the outcome of appellant's trial would have been different had counsel rendered effective assistance of counsel. Appellant contends that the testimony of his trial counsel satisfies the evidentiary criteria, thereby entitling him to a new trial. We disagree. Although appellant's trial counsel is of the opinion that his conduct was deficient and that there is a reasonable probability that appellant would not have been convicted had the deputy's wife not been a member of the jury, it is up to the court to judge the reasonableness

of counsel's conduct. *Strickland v. Washington*, 466 U. S. 668, 690 (104 SC 2052, 80 LE2d 674) (1984). Given the evidence of appellant's guilt presented at trial, we are unable to agree with appellant that the trial's outcome would have been different had the deputy's wife not served on the jury. See *Ray v. State*, 183 Ga. App. 57, 58 (357 SE2d 877) (1987).

2. Appellant next contends that reversible error occurred when the trial court failed to give the jury the instruction outlined in *Head v. State*, 253 Ga. 429 (3b) (322 SE2d 228) (1984). In *Head*, the Supreme Court held that a defendant charged with possession of a firearm by a convicted felon as well as with another crime should, in certain cases, on motion, be tried in a bifurcated proceeding in order that his prior felony conviction not inject character into the trial of the other crime. If during the voir dire of such a bifurcated proceeding there is inquiry that discloses to the jury the existence of a prior felony conviction, "the trial court at that time shall issue limiting instructions . . ." to the jury. Id. In the case at bar, appellant initially waived his right to bifurcation. During a discussion of a motion in limine four days after the jury was selected and sworn but prior to the taking of any testimony, appellant sought and was granted a bifurcated trial. In response to concerns that the possession by a convicted felon charge had been brought to the jury's attention during voir dire, the trial court agreed at the State's request to give a *Head* limiting instruction provided the defendant stipulated in the trial of the main case that he was a convicted felon. Appellant now complains that the trial court committed error because it failed to give the limiting instruction.

Pretermitting a discussion of the viability of the trial court's prerequisite for a *Head* instruction is our conclusion that the failure to give one, if error, was harmless. Appellant's prior conviction was not mentioned in the trial of the main case, and because voir dire was not recorded, we are unable to ascertain the extent of the discussion of appellant's prior felony conviction. That discussion occurred four days before trial and, in light of the eyewitness and expert testimony establishing appellant's guilt, we agree with the trial court that error, if any, was harmless. See *Graham v. State*, 185 Ga. App. 617 (2) (365 SE2d 482) (1988).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1989.

*Oliver & Woods, William R. Oliver*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, As-*

*sistant District Attorney*, for appellee.