A89A0537. DYKES v. THE STATE.
(383 SE2d 210)

BIRDSONG, Judge.

Appellant was found guilty of rape and aggravated assault with intent to rape. The trial court ruled that the aggravated assault charge merged with the rape charge, and sentenced appellant only on the latter charge. Appellant appeals his conviction.

The victim, Ms. Houston, visited her sister's house where the appellant was participating in an all-male card game. Ms. Houston left the house with appellant and their mutual cousin, Herbert Wilson. Ms. Houston testified that after the appellant took Herbert Wilson home, he took her to a local park and raped her twice and forced her to commit sodomy upon him. She further testified that she had been threatened and struck in the face and abdomen by the appellant. Ms. Houston went to the house of Ms. Carter following the incident. She was nude below the waist and hysterical.

The appellant made an incriminating statement to the police which was introduced into evidence. In his statement, appellant admitted to having intercourse with Ms. Houston, but claimed that she had consented to have sex with him for $100. Appellant stated that Ms. Houston became very upset, evidently because he subsequently refused to pay her for her services. *Held*:

1. Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [rape as] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257). Appellant's first enumeration of error is without merit.

2. Appellant asserts that the trial court erred in not declaring a mistrial after it was revealed that the jury had been subjected to improper influence and had viewed matters not in evidence.

The record reflects that a map was discovered in the jury room. It had been facing the wall and would have had to be moved to be viewed. The map was of the general local area, and included thereon the alleged location of the crime scene. Certain physical descriptions of the crime scene in evidence in the case sub judice differed from the depiction of the crime scene on the map. The map appears to have been left from a prior trial, and there is no evidence that it was purposefully placed in the jury room by any of the parties in this case.

Following discovery of the map, which appeared to have been in the jury room "a long time," appellant made a motion for mistrial. The court recalled the jury and the following colloquy occurred. "THE COURT: . . . [A] map was in the jury room *when it should not have been. And I would like to know if any of you or all of you have looked at and considered this map.* A JUROR: I looked at it, and *I didn't find the area.* And I assumed it was for something else. THE COURT: Well, *it was from another case.* But I just wanted to make sure that you had not been influenced by this particular map. All right. Then I believe I can safely charge you." (Emphasis supplied.)

Following this colloquy, the appellant failed to renew his motion for mistrial or to request additional curative instructions. See *Jarrells v. State*, 258 Ga. 833, 836 (5) (b) (375 SE2d 842). Qualified jurors, under oath, are presumed in the absence of clear evidence to the contrary to follow the procedural directives of and to honestly respond to questions of the trial judge. Cf. *Strother Ford v. First Nat. Bank*, 132 Ga. App. 268, 270 (208 SE2d 25) (presumption of performance of official and social duties). Accordingly, it is apparent that only one juror examined this map, and this juror acknowledged on the record that he looked for but could not find the crime scene area thereon. Under these circumstances " 'nothing more than an irregularity is shown. An irregularity without opportunity for injury will not require the grant of a new trial.' " *Smith v. State*, 218 Ga. 216, 223 (126 SE2d 789); compare *Lamons v. State*, 255 Ga. 511 (340 SE2d 183) with *Hardy v. State*, 242 Ga. 702 (3) (251 SE2d 289).

Further, we are satisfied beyond a reasonable doubt that the alleged error, if any, did not prejudice the appellant. Even error of constitutional magnitude is harmless " 'if there is no "reasonable possibility that the evidence complained of might have contributed to the conviction." ' " *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594).

The trial court did not abuse its discretion in refusing to grant appellant's mistrial motion. *Menningmann v. Independent Fire Ins. Co.*, 187 Ga. App. 118, 120 (369 SE2d 295).

3. Appellant asserts that the trial court erred in failing to give a charge on mistake of fact, as requested.

Review of the transcript reveals that the defense of mistake of

fact was not reasonably raised by competent evidence of record. *Gunter v. State*, 155 Ga. App. 176 (3) (270 SE2d 224); see *Brown v. State*, 190 Ga. App. 324 (4) (378 SE2d 908); *Britt v. State*, 184 Ga. App. 445 (1) (361 SE2d 710); *Pittman v. State*, 175 Ga. App. 50 (1) (332 SE2d 356).

Moreover, assuming arguendo that a mistake of fact defense reasonably was raised by the evidence, it is not reversible error to fail to instruct on mistake of fact when, as in this case, the defendant also asserts another defense at trial. *Flanders v. State*, 188 Ga. App. 98 (3) (371 SE2d 918); *Abelman v. State*, 185 Ga. App. 278 (2) (363 SE2d 764).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 12, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys*, for appellee.