A89A1531. FLANAGAN v. THE STATE.
(388 SE2d 29)

Pope, Judge.

Defendant Edward F. Flanagan was indicted for the offenses of aggravated assault (counts one and two) and aggravated battery (count three). The jury returned a verdict finding defendant guilty of

aggravated assault on count one, simple battery on count two and aggravated battery on count three. The trial court, after merging counts two and three with count one, sentenced defendant to serve twenty years. Defendant now appeals from the denial of his motion for new trial. We affirm.

1. Relying on *Roundtree v. State*, 181 Ga. App. 594 (353 SE2d 88) (1987), defendant first contends that the admission into evidence of a ten-year-old mug shot from a previous arrest and conviction impermissibly placed his character in evidence. We find no merit to this contention. In *Roundtree*, the photograph was introduced bearing the place and date of defendant's prior arrest. In contrast, the trial court in the case at bar ordered that the caption be severed from the mug shot prior to its admission into evidence. Consequently, this enumeration provides no basis for reversal.

2. Defendant also challenges the admission into evidence of a 1980 conviction for aggravated assault. " 'Evidence of other similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. . . .' (Citations and punctuation omitted.) *Sparks v. State*, 172 Ga. App. 891, 892-893 (324 SE2d 824) (1984)." *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989).

We find no merit to defendant's assertion that the prior offense "bears little resemblance to the charges in the instant case." In both instances the victim was brutally attacked by the defendant after leaving a bar alone late at night. In both instances the victim had opened her car door, seated herself in the car, and put the keys in the ignition when defendant attacked her. In both cases the attack took place in the front seat of the victim's car. In the first incident defendant forced the victim to commit oral sodomy on him. During the second incident, he held the victims' legs over her head and rubbed his genitals on her "bottom." Defendant hit the victim of the first offense in the face. He kicked and bit the victim of the present offense. Both victims had their clothes ripped and torn by the defendant. Both victims were able to escape from the attack by jumping out the passenger door of their car and both suffered physical injuries requiring medical attention as a result of the attack. The victim of the present attack recalled seeing the defendant in the bar prior to the attack, and she accepted a drink he purchased and had the bartender bring over to her, but she denied knowing the defendant or leaving with him on the night of the incident. The victim of the previous attack also testified that she did not know the defendant, but she could not say if he had been in the bar prior to the attack because there were approximately four hundred people in the bar on that night.

"In the case before us, we have no hesitancy whatever in holding that the two transactions were sufficiently similar to render evidence of the earlier transaction admissible for the purpose of illustrating the [defendant's] motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *McGuire v. State*, 188 Ga. App. 891 (1) (374 SE2d 816) (1988). See also *Tucker v. State*, supra; *Milner v. State*, 180 Ga. App. 97 (2 b & c) (348 SE2d 509) (1986). This enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1989.

*James Archie*, for appellant.

*Robert E. Wilson, District Attorney, Patricia G. Higginbotham, Eleni A. Pryles, Assistant District Attorneys*, for appellee.