A89A1980. HODGES v. THE STATE.
(392 SE2d 262)

POPE, Judge.

Hodges was convicted of two counts of child molestation. The evidence at trial allowed the jury to find that Hodges had given his minor daughter a "pelvic examination" after she fell off of her bicycle and that he had her remove her clothing so that he could measure her for a bra during which time he touched her breasts. There was evidence of similar transactions involving three older step-daughters in which Hodges gave the girls "pelvic examinations" to determine if their hymens were intact and in which he had them remove their clothes and rubbed their breasts, ostensibly to demonstrate to the girls how to examine their breasts for cancer.

1. Hodges argues that there was insufficient evidence that the offense charged in Count 1, the giving of the "pelvic examination," occurred within the applicable statute of limitation. The record shows conflicting evidence on this point. At trial, the victim, Hodges' daughter, testified that the incident occurred when she was six, seven or eight years old. The victim was born in August 1973; by her testimony at trial, the incident occurred either in 1979, 1980 or 1981, outside the statute of limitation period which ran from February 1984 to February 1988. However, the State impeached this testimony with a prior inconsistent statement made by the victim to Diane Walden, a Department of Family & Children Services worker, in which the victim said that she was twelve or reaching adolescence at the time of the incident. This would put the incident in 1985, within the statute of limitation. Diane Walden also testified at trial that this is what the victim told her.

"[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence . . . ." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). We find that the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that the incident oc-

curred within the applicable statute of limitation.

2. Hodges, represented on appeal by new counsel, argues that his trial counsel was ineffective because he did not interview three witnesses who would have testified that the incidents alleged occurred outside the statute of limitation. The trial court had a hearing on the issue. The record shows that trial counsel was an experienced criminal trial lawyer of some 25 years who had tried between 500 and 1,000 cases as a prosecutor and defense counsel. He testified that he met with Hodges on several occasions before trial and that he was prepared to try the case and that Hodges told him of no defense that was not presented at trial. The trial lawyer also testified that he interviewed each of the witnesses at issue and that it was his opinion that their testimony was cumulative, circumstantial and that they would not be effective witnesses in the face of cross-examination.

" 'To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. (Cit.)' " *Waddell v. State*, 190 Ga. App. 499 (379 SE2d 592) (1989). Our review of the record convinces us that Hodges has not made the requisite showing and that he received effective assistance of counsel.

3. Hodges enumerates as error the trial court's decision to allow the State to play during closing argument the videotape of the victim's prior inconsistent statement that had been admitted into evidence. He argues that, in effect, the State was allowed to recall a witness during closing argument. We do not agree. The replay of a portion of the videotape is not a recall of a witness, but rather the verbatim repetition of testimony already in evidence. "Since counsel in argument clearly have the right to comment on the evidence, it is not improper for them to repeat what testimony was, to read from documents which have been admitted in evidence, or to read from admitted transcripts of recordings played for the jury." *Ramsey v. State*, 165 Ga. App. 854, 859 (303 SE2d 32) (1983). As the videotape statement had been admitted into evidence, we find no abuse of the trial court's discretion in allowing counsel to replay the tape rather than having a transcript prepared and read.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 23, 1990 —
REHEARING DENIED MARCH 13, 1990.

*John W. Greer III*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assis-*

*tant District Attorney*, for appellee.