A91A0005. BROWNLOW v. CITY OF CALHOUN.
(402 SE2d 788)

BIRDSONG, Presiding Judge.

Appellant, E. R. Brownlow, appeals the order of the superior

court granting appellee/defendant's motion to dismiss.

Appellant who apparently operated some type of trucking business purchased certain land and applied to appellee City of Calhoun twice to change applicable zoning classifications, and to re-issue appellant's business license. Appellee denied appellant's requests. The application for a business license was denied on the grounds that "to grant a business license would be in violation of the zoning ordinance of the City of Calhoun," and the application "is a non-conforming use in regard to the zoning of the property and is also a change in type and intensity of use." Appellant asserts in his brief the "property [previously] had been used for trucking purposes for more than twenty years. . . ."

Appellant initiated suit in superior court. Review of the complaint on its four corners, coupled with admissions in judicio regarding the style of the case contained in appellant's brief, reflect that the nature of appellant's cause of action is primarily grounded upon a theory of inverse condemnation. In addition to reasonable attorney fees and such other relief as just and proper, appellant's prayer for relief seeks a money judgment, in an amount shown at trial, for consequential damage to plaintiff's remaining property, and a money judgment equal to the fair market value of the property rights taken by the City. *Held*:

1. Appellee's motion to dismiss is denied.

Before this court appellee poses the following: "Is the issue of whether or not a constitutional question [sic] been properly raised and, if so, whether it is required to be raised in a zoning hearing an actual question of constitutionality or procedural. If this is a question of constitutionality, then it is clear that the Supreme Court . . . would have jurisdiction. See *Trend Development Corp. v. Douglas Co.*, 259 Ga. 425 (383 SE2d 123)." We find that the question is a question of appellate procedure. *Trend* is not controlling. Regarding the requirement for timely raising constitutional attacks on a zoning ordinance before the local governing body or a board of zoning appeals, see generally *Shockley v. Fayette County*, 260 Ga. 489 (396 SE2d 883).

Appellee, citing *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393 (359 SE2d 900) and *Trend*, supra, also asserts that if the case sub judice arose and is to be characterized as a de novo *appeal* to the superior court then under the interpretation of the *Trend* decision, de novo decisions are to be appealed by application for discretionary appeal and not by direct appeal. But compare *Shockley*, supra at 492, n. 2 (concurring opinion). Pleadings are to be construed to serve the best interest of the pleader, judging the pleadings by their function and substance. *Gully v. Glover*, 190 Ga. App. 238, 239 (1) (378 SE2d 411). Not only do appellant's pleadings not bear the nomenclature of

a de novo appeal, but the substance and function thereof clearly establish suit was commenced as an *original suit* in superior court on the principal theory of inverse condemnation. Reviewing the record in its entirety, including the pleadings and the pretrial orders of the parties, we conclude that the action initiated was not filed as an appeal de novo of the zoning decisions of the City of Calhoun.

Moreover, construing Chapter 6 of Title 5 of OCGA, including OCGA § 5-6-35 (a) (1) thereof, liberally as we are required to do so as to strive to bring about a decision on the merits of every case appealed and to avoid dismissal whenever possible (OCGA § 5-6-30), we are satisfied that the word "condemnation" as it appears in the exceptions to the rule of OCGA § 5-6-35 (a) (1) was intended by the legislature to except "inverse" as well as classic condemnation cases therefrom.

2. Appellant asserts that the "ante litem" notice provision of OCGA § 36-33-5 is not applicable to the case at bar. We disagree.

Appellant has primarily grounded this suit on inverse condemnation and has continuously sought the recovery of money damages as unequivocally evidenced by the contents of his complaint and pretrial order. OCGA § 36-33-5 (a) pertinently provides that "[n]o person . . . having a claim for *money damages* against *any* municipal corporation on account of injuries to person or *property* shall bring *any* action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section." (Emphasis supplied.) It is apparent from the plain, unequivocal, and practical language of this statute that the notice requirements applied to this suit, as it was a suit for money damages against a municipal corporation on account of asserted injuries to appellant's property rights. Compare *Stambaugh v. City of Demorest*, 221 Ga. 527 (2) (145 SE2d 539), citing *Thompson v. City of Atlanta*, 219 Ga. 190 (1) (132 SE2d 188). Even when strictly construed as required by *City of Atlanta v. J. J. Black & Co.*, 110 Ga. App. 667 (1) (139 SE2d 515), the literal meaning and plain language of OCGA § 36-33-5 (a) remain clear and do not lead to any absurd or impractical consequences; accordingly, the court simply construes this statue according to its terms and conducts no further inquiry. *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227).

*Harrell v. Monroe County*, 147 Ga. App. 685 (250 SE2d 20) and *City of Atlanta*, supra, are factually distinguishable from this case.

Appellant's belated attempt to comply with the notice requirements of OCGA § 36-33-5 by amending his complaint and attempting to serve notice in February of 1990, approximately one-and-one-half years after his complaint was filed is not in compliance with the provisions of OCGA § 36-33-5 (b), as such notice was not given until after suit was initiated and additionally was not within six months of

the happening of the event or events upon which appellant's claim against the municipality was predicated. Compare *Stambaugh*, supra at 528 (2). As further evidence of this fact, the record reflects that appellant made no attempt to amend his original complaint to assert any new or different cause of action; accordingly, the claim upon which appellant relies perforce was in existence more than six months before his belated notice was tendered. As appellant's conduct also fails to constitute substantial compliance with the statute, we need not determine if substantial compliance with the notice requirements thereof would suffice (see generally OCGA § 1-3-1 (c)), or whether the notice requirement provisions of this particular statute mandate a particular form of notice in such clear terms as to render substantial compliance ineffective. See, e.g., *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108).

As appellant has failed to comply with the required ante litem notice requirement of OCGA § 36-33-5, the trial court did not err in granting the City's motion to dismiss. Compare *Acker v. City of Elberton*, 176 Ga. App. 580, 581 (2) (336 SE2d 842). In view of this holding and in the interests of judicial economy, we decline to address appellant's remaining enumerations of error.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 25, 1991.

*J. C. Maddox*, for appellant.
*T. Joseph Campbell*, for appellee.

