## A92A0412. BONILLA v. THE STATE.
(419 SE2d 495)

BIRDSONG, Presiding Judge.

Jose Z. Bonilla appeals from the jury verdict of guilty and judgment of conviction of armed robbery and possession of cocaine, the sentence, and the denial of his new trial motion. He has enumerated three errors. *Held:*

1. The State introduced in evidence without objection two videotapes taken of appellant, one made during the robbery and one made during appellant's subsequent visit to the store. Appellant asserts the trial court erred in particular by denying his counsel's request to play the videotape taken at the store during the robbery in his counsel's closing argument.

Appellant admitted in closing argument at trial and by way of an admission in judicio in his appellate brief (*Lingerfelt v. State,* 255 Ga. 180 (3) (366 SE2d 250); *Brownlow v. City of Calhoun,* 198 Ga. App. 710, 711 (402 SE2d 788)) that the person appearing in the videotape which was taken after the robbery was appellant. Pretermitting the question whether it was error to deny appellant's request to show the videotapes during closing argument (compare *Hodges v. State,* 194 Ga. App. 837 (3) (392 SE2d 262) with *North Carolina v. Whiteside,* 383 SE2d 911 (Sup. Ct. N.C.) and *Lancaster v. Texas,* 772 SW2d 137 (3-5) (CA Tex.); see also *Ramsey v. State,* 165 Ga. App. 854, 859 (7) (303 SE2d 32)) is the issue of harmless error. In this instance the videotape of the robbery was viewed twice by the jury during trial and was viewed again by the jury at their request in open court during a pause in their deliberations. Moreover, defense counsel was not prohibited from making and did make reference to the videotape in closing argument. We find any error in refusing to allow appellant's counsel to make use of the videotapes during his closing argument was harmless beyond a reasonable doubt (particularly in light of the overwhelming evidence of appellant's guilt contained in the trial record). See *Palmer v. State,* 186 Ga. App. 892, 897 (3) (369 SE2d 38).

2. Appellant asserts the trial court erred by admitting in evidence "mug shots" of appellant. The mug shots ultimately taken to the jury room had been cropped of any written information. However, appellant asserts (without citation to that portion of the record which would affirmatively support this particular claim) that the mug shots "were seen by the jury" as a police officer was testifying; and that the photographs then contained, at the bottoms thereof, the name of the police department taking the pictures, the inmate number, and the date the photographs were taken.

Appellant objected at trial to the admission of the photographs. His objections were specifically grounded upon a claim that "the prejudicial effect [of the photographs] would outweigh what is in the

case," that the photographs were not relevant as "they [were] not taken at the time of the robbery," and another photograph taken in 1988 was not relevant as it was taken three years prior to the robbery.

Following appellant's initial objection to the photographs and outside the presence of the jury, the prosecutor stated he was going to have a police officer testify as to the date each photograph was taken, and that before the photographs were displayed to the jury the written dates on each would be cut off. Thereupon, the trial court allowed the officer to be questioned about the photographs before they were cropped, but in essence instructed the prosecutor not to let the jury see the photographs "with the police department indication on them, the officer just has to be careful *not to exhibit them to the jury*." (Emphasis supplied.) The court then allowed the officer to give foundation testimony concerning the photographs, ruling and directing that: "As long as I instruct the Officer and Counsel not to show it to the jury. I will overrule the objection though." The officer was present at the time these instructions were given, and in the absence of affirmative rebuttal evidence of record both he and counsel are presumed to have followed the trial court's procedural directive not to show the photographs to the jury. See *Dykes v. State,* 191 Ga. App. 879, 880 (2) (383 SE2d 210); see also *Butts v. State*, 193 Ga. App. 824, 826 (2) (389 SE2d 395) (presumed public officials, including assistant district attorneys, perform duties lawfully and in good faith). Thereafter, the officer testified without timely objection as to the date when each photograph of appellant was taken. Our examination of the record reveals no affirmative showing therein that the procedural directive of the trial judge, not to show the jury the photographs, was violated either by the officer or by counsel. Moreover, when the State offered the photographs in evidence, appellant renewed his objections previously made to their introduction. He also stated: "I interpose the objection that the jury *might have* had the opportunity to see them in the present size, after the court cuts off the bottom part they will then get a smaller photograph, the jury *may wonder* what part was cut off and it might be prejudicial and I will renew my objections." (Emphasis supplied.) The trial court overruled this objection "with the instructions that scissors will be used to cut off anything with time or place on the photograph."

The difference between appellant's alleged factual allegations on appeal that the mug shots *were seen* by the jury and his contention and inherent concession at trial that the jury *might have* had the opportunity to see them is too obvious to necessitate further elucidation. Secondly, the photographs reflect on their face that the order to crop the written information contained thereon was complied with fully.

Examination of the exhibits contained in the trial record reveals further that the cropped photographs which were actually provided to

the jury were not per se identifiable as "mug shots." We will not speculate on appeal regarding the conduct of the jury; that is, we will not speculate as to whether the jury may have themselves speculated as to the photographs' source of origin. See *Whelchel v. Thomas Ford Tractor,* 190 Ga. App. 156 (1) (378 SE2d 510); cf. *Dimauro v. State,* 185 Ga. App. 524 (3) (364 SE2d 900). And, in view of the posture of this record, we find the trial court did not err in admitting the photographs in question. *Flanagan v. State,* 193 Ga. App. 408, 409 (1) (388 SE2d 29); compare *O'Toole v. State,* 258 Ga. 614, 615-616 (2) (373 SE2d 12); *Stanley v. State,* 250 Ga. 3 (1) (295 SE2d 315); *Clark v. State,* 249 Ga. 18 (287 SE2d 523) and *Woodard v. State,* 234 Ga. 901, 902 (2) (218 SE2d 629).

Additionally, appellant has failed to cite this court to any pages in the record where he specifically and timely raised the federal and state constitutional issues which he attempts to assert on appeal in regard to the introduction of these photographs. We will not cull the record on behalf of either an appellant or the State in search of errors or objections. *Talley v. State,* 200 Ga. App. 442, 446 (4) (408 SE2d 463). Constitutional issues which are not affirmatively shown by the record to have been timely raised and ruled upon at the trial level are not preserved for appeal. *Meders v. State,* 260 Ga. 49, 54 (2 b) (389 SE2d 320); *Whatley v. State,* 196 Ga. App. 73, 75 (1) (395 SE2d 582) and cases cited therein.

3. Appellant asserts the trial court erred in admitting his statement into evidence when the preponderance of the evidence showed that it was not knowingly, voluntarily, and intelligently made. The trial court listed in detail certain evidence heard by the court regarding this issue and tacitly adopted this evidence as part of his findings of fact. Thereafter, the trial court made specific findings that appellant was given a *Miranda* warning prior to any questioning, that he knowingly gave up (waived) his *Miranda* rights, that there was no coercion, duress, or promise made to the accused prior to the making of the statement, and that the statement was voluntarily made. " 'Unless clearly erroneous, a trial court's factual determinations relating to the credibility of witnesses and the admissibility of confessions will be upheld on appeal.' " *Sumpter v. State,* 260 Ga. 683 (2 b) (398 SE2d 12). Even conflicting evidence introduced at a *Jackson-Denno* hearing will not automatically cause a trial court's findings of fact to be clearly erroneous. *Gadson v. State,* 197 Ga. App. 315, 316 (1) (398 SE2d 409). "In determining whether the trial court's ruling regarding the voluntariness of a confession was clearly erroneous, an appellate court may look to all the evidence contained in the record." Id.

The record establishes that appellant was properly and timely given a *Miranda* warning and that he waived these rights before questioning. The waiver of rights form, which was signed legibly by appel-

lant, was a form printed in Spanish and routinely used for Spanish speaking persons; the waiver form was also read to appellant in Spanish by the person used as an interpreter, and no promises, coercion or threats were made to obtain appellant's signature thereon. Appellant was very cooperative. Although he was "medium" but not heavily drunk at the hospital, he appeared to the police officer to understand the person acting as the interpreter and to understand what was happening. The interpreter who had been raised by a Spanish speaking family testified that appellant did not have a problem understanding her and he answered all the questions. We are satisfied that the record clearly establishes, by at least a preponderance of the evidence, that appellant's statement was freely and voluntarily made, and also that the findings of fact of the trial judge were not clearly erroneous.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2 and 3. I concur in the result with respect to Division 1 but not with its bases. The use of evidence during closing argument is generally permissible. See *Ramsey v. State*, 165 Ga. App. 854, 859 (7) (303 SE2d 32) (1983). This includes a videotape. *Hodges v. State*, 194 Ga. App. 837, 838 (3) (392 SE2d 262) (1990).

From what was said at trial, it appeared that defendant wanted, in closing argument, to stop the videotape at certain frames. The equipment used for showing the tape to the jury was not capable of this, and defendant had made no arrangements for accommodating this mechanically. For this reason, a favorable ruling would have been a hollow victory.

Insofar as disallowing the entire video or portions of it to be shown again repeatedly during defendant's oral argument, I agree that he was not prejudiced by the jury's not seeing it yet a fourth or more times during this phase of the trial.

DECIDED MAY 13, 1992 —
RECONSIDERATION DENIED JUNE 3, 1992 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.