A98A0141. SINGLETON v. THE STATE.
(500 SE2d 411)

JOHNSON, Judge.

A jury found Ricky Angelo Singleton guilty of two counts of theft by shoplifting. He appeals the convictions entered on the jury's verdict. We affirm.

1. In his first enumeration of error, Singleton contends the evidence was insufficient to support the jury's verdict. We disagree.

On appeal, the evidence is construed in the light most favorable to uphold the jury's verdict, and this Court does not weigh the evidence or determine witness credibility. *Winn v. State*, 215 Ga. App. 120 (1) (449 SE2d 667) (1994). We only determine the sufficiency of the evidence. Id. So viewed, the evidence shows that on June 10,

1994, an employee of Montgomery Ward saw Singleton in the store and called security because he looked suspicious. The security officer saw Singleton pick up a tape player and walk toward the door. When Singleton got outside the store, the security officer detained him. The employee testified that the price of the tape player was $180 and that Singleton did not approach the counter to purchase it. She identified Singleton at trial. Singleton testified that he bought the tape player at a flea market and took it to Montgomery Ward to exchange it.

On July 29, 1994, Singleton was arrested outside the same store with a vacuum cleaner for which he had not paid and which had a value greater than $100. According to Singleton, he had taken an empty vacuum cleaner box to the store for the purpose of gathering evidence for a class-action suit against Montgomery Ward, and the box he was caught with was empty. He did not explain how he came into possession of the vacuum cleaner. Security videotapes showing the removal of both the tape player and the vacuum cleaner from the store were introduced into evidence.

"A person commits the offense of theft by shoplifting when he . . ., with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession therefor or of the value thereof, in whole or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment." OCGA § 16-8-14 (a) (1). The evidence was sufficient for a rational trier of fact to find Singleton guilty beyond a reasonable doubt of two counts of shoplifting. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Winn*, supra.

2. In his second and third enumerations of error, Singleton contends the trial court erred in admitting into evidence a statement he made to store security personnel. After the July 29, 1994 incident, Singleton was taken to the loss prevention office at Montgomery Ward. The Montgomery Ward loss prevention and safety manager saw Singleton in the office and stated, "I know you . . . [h]ave I picked you up before," to which Singleton responded, "no ma'am. I — you have not." Singleton contends this statement should have been excluded from evidence since there was no testimony he had been given his *Miranda* warnings at the time he made the statement. We disagree.

The requirement that *Miranda* warnings be given as an incident of custodial interrogation does not apply to questioning undertaken by private citizens. *Glean v. State*, 197 Ga. App. 34, 35 (4) (397 SE2d 459) (1990); *Carnes v. State*, 115 Ga. App. 387, 391 (4) (154 SE2d 781) (1967). Since the Montgomery Ward employee was not a law enforcement officer, she was not required to inform Singleton of his *Miranda* rights before questioning him. These enumerations lack merit.

3. In his final enumeration of error, Singleton maintains the

trial court erred in refusing to allow him to replay the surveillance videotapes during his closing argument.

The trial court has broad discretion in controlling the argument of counsel and, unless it clearly appears that the court has abused this discretion and that such abuse has resulted in harm or prejudice to the opposing party, this Court will not undertake to control the exercise of such discretion. *Ga. Power Co. v. Walker*, 101 Ga. App. 454, 456 (1) (114 SE2d 159) (1960). See also *Bonilla v. State*, 204 Ga. App. 424 (1) (419 SE2d 495) (1992) (physical precedent only). Singleton has failed to show that any harm or prejudice resulted from his inability to replay the tapes.

Contrary to Singleton's argument, *Hodges v. State*, 194 Ga. App. 837, 838 (3) (392 SE2d 262) (1990), and *Ramsey v. State*, 165 Ga. App. 854, 859 (7) (303 SE2d 32) (1983), do not require a different result. In those cases, we upheld the trial court's exercise of its discretion in *permitting* during closing argument the use of a videotape and the re-reading of a transcript that were both previously admitted into evidence. However, the trial court also has the discretion to *prohibit* the use of such exhibits during closing argument.

The present case was tried in a single day, and the state only presented four witnesses. It was within the trial court's discretion to conclude that the jury would be able to recall the videotapes sufficiently during Singleton's closing argument and that Singleton could effectively argue reasonable deductions from the tapes without replaying them before the jury. Furthermore, Singleton was not prohibited from making reference to the tapes during his closing argument. Based on these circumstances, the trial court did not clearly abuse its discretion in refusing to allow Singleton to replay the videotapes.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 27, 1998.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.