## A02A0401. DUNCAN v. THE STATE.
### (558 SE2d 783)

ELDRIDGE, Judge.

A Jones County jury convicted James Otis Duncan of single counts of armed robbery (OCGA § 16-8-41) and kidnapping (OCGA § 16-5-40). He was sentenced as a recidivist to consecutive sentences of life imprisonment without parole under OCGA § 17-10-7 (b) (2).[1] The defendant appeals from the denial of his motion for new trial, contending (1) that the evidence was insufficient to support his convictions; and (2) that he was denied effective assistance of counsel. Having determined that the evidence was sufficient to support the verdicts and that there is no reversible error, we affirm.

1. The standard of review applied in determining the sufficiency of the evidence is that of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), i.e., whether any rational trier of fact could have found guilt beyond a reasonable doubt. We have held, "the evidence must be viewed in [the] light most favorable to the verdict, and [the] appellant no longer enjoys a presumption of innocence. . . . [Cits.]" (Punctuation omitted.) *Sanders v. State*, 236 Ga. App. 578 (512 SE2d 678) (1999); *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998).

Viewed in the light most favorable to the jury's verdict, the evi-

---

[1] OCGA § 17-10-7 (b) (2) pertinently provides:
Any person who has been convicted of a serious violent felony in this state or who has been convicted under the laws of any other state or of the United States of a crime which if committed in this state would be a serious violent felony and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is not sentenced to death shall be sentenced to imprisonment for life without parole.

dence shows that on November 6, 2000, at approximately 1:00 a.m., a man wearing a black ski mask entered a Flash Foods convenience store located outside Gray going toward Milledgeville. At gunpoint, he grabbed the store clerk by the arm and forced her behind the checkout counter, telling her to open the store's cash registers. After emptying the cash drawers of the money in them, the gunman ordered the clerk to unlock the store's safe. The clerk told him that only her manager had a key to the safe but explained that the safe dispensed cash and coins in plastic tubes to ensure that funds were always available to clerks for making change — this by pushing external buttons on the safe organized by currency and coin denomination. The perpetrator followed the clerk's instructions and took the money-filled plastic tubes which the safe delivered. The masked perpetrator again grabbed his victim, forcing her into a storeroom located at the rear of the store. There, after turning off the lights and ordering her to remove her clothing, the gunman changed his mind and forced the store clerk back to the safe. As the perpetrator waited for the safe to "drop" more money by plastic tube, he released his victim, telling her to lock the store's front doors. Given the opportunity, the clerk fled from the store, managing to flag down a passing car, get in, and escape.

At first, the perpetrator pursued his victim on foot, but realizing this was to no avail, he pursued her in a vehicle provided to him by his employer which he had parked behind the store, a white panel van. A high speed chase ensued; however, police intervened upon a 911 call from the victim's vehicle, a felony stop on the van was effected, and the defendant was arrested as the van's driver. Approximately 20 minutes had elapsed between the commission of the crimes and the defendant's arrest.

Seized as a result of searches incident to the arrest were an undetermined amount of U. S. currency, in part in four plastic money cylinders, a roll of coins, and other cash found wadded up in defendant's front pants pockets, and a black BB pistol/.45 lookalike found in plain view under the driver's seat of the panel van. Other evidence entered at trial included a black ski mask found by police behind the store at daybreak the morning after the incident; footprint evidence taken at the crime scene consistent with the shoes the defendant wore at the time of his arrest; and the testimony of defendant's fiancée identifying the defendant as the masked perpetrator shown in the store's videotape of the crimes upon recognizing his voice, the clothes he wore, and the manner in which he walked.

In testimony given on his own behalf, the defendant denied the crimes in issue, stating that they had been committed by a man to whom he had given a ride earlier in the evening and who pulled a gun on him, forcing the defendant to drive to the crime scene. In

other testimony, the defendant admitted waiting in the van behind the store as the crimes took place, driving his passenger away from the store, and putting the money found in his pockets there himself — this after the alleged perpetrator jumped from the van, leaving the money behind as police pulled beyond them to make the stop.

The defendant claims the evidence was insufficient to sustain his convictions. We disagree. An appellate court determines only the legal sufficiency of the evidence "adduced [in the court] below and does not weigh the evidence or assess the credibility of the witnesses. [*Hight v. State*, 221 Ga. App. 574, 575 (1) (472 SE2d 113) (1996).]" (Punctuation omitted.) *Brown v. State*, 246 Ga. App. 517, 518 (1) (541 SE2d 112) (2000).

Pertinently, armed robbery is committed when a person: (1) intentionally takes (2) the personal property of another (3) from such person (4) by use of an offensive weapon. OCGA § 16-8-41 (a); *Prater v. State*, 273 Ga. 477, 478 (1) (545 SE2d 864) (2001). Kidnapping is committed when a person "abducts or steals away any person without lawful authority or warrant and holds such person against his [or her] will." OCGA § 16-5-40 (a). Any unlawful asportation, however slight, will support a kidnapping conviction. *Chambley v. State*, 163 Ga. App. 502, 504 (1) (295 SE2d 166) (1982); see also *Williams v. State*, 178 Ga. App. 581, 592 (12) (344 SE2d 247) (1986).

Although the defendant here denied involvement in the crimes in issue, it is not our role to "second guess what . . . the jury chose to believe." *Camp v. State*, 181 Ga. App. 714, 717 (4) (353 SE2d 832) (1987). This is no less the case upon the claim that the State's evidence against him was circumstantial. "Where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law." (Punctuation and footnote omitted.) *Bacon v. State*, 249 Ga. App. 347, 349 (1) (a) (548 SE2d 78) (2001). Accordingly, we find that the defendant's convictions were supported by sufficient evidence.

2. The defendant does not comply with Court of Appeals Rule 22 (a) by failing to enumerate trial counsel's ineffectiveness upon the failure to object to the testimony of defendant's fiancée as a surprise witness. Nonetheless, he does so in his brief. We elect to address defendant's ineffectiveness claim as raised therein. *Indian River Distrib. v. Savannah Business Systems*, 237 Ga. App. 7 (514 SE2d 468) (1999). Appellate counsel, however, should be mindful that "[t]his Court does not look with favor upon one who fails to follow the rules of this Court." Id.; see Court of Appeals Rule 7 (noncompliance with Court rules as basis for contempt against offending party or attorney, dismissal of appeal, or cause to strike appellate brief); see also *Leslie*

*v. Williams*, 235 Ga. App. 657, 663 (510 SE2d 130) (1998) (Ruffin, J., dissenting), overruled on other grounds, *Herr v. Withers*, 237 Ga. App. 420, 421 (515 SE2d 174) (1999).

To reverse a conviction for ineffective assistance of counsel, the defendant has the dual burden of coming forward with evidence showing that counsel's performance was deficient and that the deficiency so prejudiced his defense that a reasonable probability exists that the outcome of the trial would have been different in the absence thereof. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A trial court's finding of effective assistance of counsel will not be disturbed unless clearly erroneous. *Thomas v. State*, 246 Ga. App. 448, 449 (1) (540 SE2d 662) (2000).

Pretermitting any deficiency in trial counsel for failure to object to the testimony of defendant's fiancée as a surprise witness, the defendant "has failed to show that, but for this omission, the result at trial would have been different," *Robinson v. State*, 210 Ga. App. 278, 280 (3) (435 SE2d 718) (1993), in that her testimony was no more than cumulative of overwhelming circumstantial evidence otherwise of record. *Hodges v. State*, 194 Ga. App. 837, 838 (2) (392 SE2d 262) (1990). Defendant's ineffectiveness claim is therefore likewise without merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 11, 2002.

*Groover & Childs, Sara E. Roberts*, for appellant.
*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.