# Court of Appeals
# of the State of Georgia

ATLANTA,  November 23, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0588; A23D0134. JAMES OTIS DUNCAN v. THE STATE.**

A jury found James Otis Duncan guilty of armed robbery and kidnapping, and his conviction was affirmed on appeal. See *Duncan v. State*, 253 Ga. App. 239 (558 SE2d 783) (2002). Over 20 years after his conviction, Duncan filed a motion to correct a sentence, arguing that a 2009 change to the kidnapping statute rendered his conviction void. The trial court denied the motion, and Duncan filed both a direct appeal, which has been docketed as A23A0588, and an application for discretionary appeal, which has been docketed as A23D0134.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id. Moreover, an appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Duncan has not raised a claim that his sentence is void.  Rather, he challenges his kidnapping conviction. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a

criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Duncan is not authorized to collaterally attack his conviction in this matter, his application for discretionary appeal and direct appeal are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,     11/23/2022          *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.