*Choate, Jr.,* for appellee.

## 57077. TAYLOR v. THE STATE.

BANKE, Judge.

The defendant was convicted of violating the Controlled Substances Act by possession of phencyclidine with intent to distribute. He was sentenced to serve ten years in confinement and to pay a $5,000 fine. This appeal is from the denial of his motion for new trial.

A GBI agent testified for the state that on or about July 27, 1977, an informant took him to the defendant's home, where he purchased from the defendant five or six yellow pills. These pills were later determined to be amphetamines. The agent also made arrangements with the defendant for the purchase of a quarter ounce of phencyclidine for $300. This transaction was consummated the following day at the defendant's place of business. The agent testified that he again met with the defendant on August 3, 1977, and negotiated a second purchase of phencyclidine. On August 10, 1977, the agent paid the defendant $1,200 for one ounce of the drug. According to the agent, the defendant stated that he had obtained this new supply from another source and that it was better than the previous stock. The two also discussed the possible purchase of a pound of phencyclidine at this time for the price of $15,000. On August 31, 1977, the agent met with the defendant a fifth time, and the price was lowered to $14,000.

Prior to consummating this sale, the agent and the defendant talked over the telephone and discussed a possible sale of three pounds of phencyclidine. This conversation was recorded and played for the jury. On September 9, 1977, the agent and the defendant arranged to meet at a parking lot to finalize the one pound purchase which they had previously discussed. An associate of the defendant's was arrested at this time, but the defendant escaped by automobile. He was arrested a short time later following a high-speed chase by police, which ended when

his automobile collided with another vehicle, injuring its driver. Both the defendant and his associate were armed with loaded handguns at the time of their arrest.

The defendant's defense was entrapment. He testified that the informant who introduced him to the GBI agent had supplied him with the drugs on consignment and had assured him that the amphetamines were caffeine pills and that the phencyclidine was a legal drug.

The defendant also presented the testimony of an expert chemist who stated that he could not positively identify the alleged contraband as phencyclidine. The state's chemist, however, testified that he had positively identified the substance as phencyclidine. *Held:*

1. The defendant's contention that his testimony created an unrebutted entrapment defense is without merit. The state's evidence showed him to be a person extremely knowledgeable in the drug trade who was eager to make sales and who had multiple sources of supply. His testimony that the state's informant had supplied him with the drugs on consignment was contradicted by his statements to the GBI agent indicating that the drugs were coming from Florida. His testimony that the state's informant had persuaded him that the drugs were legal was in conflict with the state's evidence showing the clandestine manner in which the sales were made, the large amounts of money involved, and his attempt to escape the police by leading them on a high-speed automobile chase. It was within the province of the jury to believe the state's witnesses and to disbelieve the defendant. See generally *McHugh v. State,* 134 Ga. App. 758 (1) (216 SE2d 351) (1975).

2. The defendant presented expert testimony that the substance which he sold to the state agent was a salt of phencyclidine rather than phencyclidine itself. He contends that the trial court subsequently erred in refusing a request to charge the jury that salts of phencyclidine were not a controlled substance under the law in effect at the time. Ga. L. 1974, pp. 221, 238 (Code Ann. § 79A-808 (c) (9)). That statute made phencyclidine a Schedule III controlled substance, as well as "any material, compound, mixture, or preparation which

contains any quantity." of the drug, but it did not expressly refer to salts of phencyclidine as does the current statute, Ga. L. 1978, pp. 1668, 1675 (Code Ann. § 79A-807 (e) (5)). We hold, however, that since salts of phencyclidine are compounds, mixtures or preparations containing the drug, they were proscribed under the language of the 1974 statute. Accordingly, the trial court did not err in refusing to give the defendant's requested charges on this issue.

3.   Code Ann. §§ 27-2506 and 27-2506.1 provide general authority for the imposition of a fine in addition to imprisonment in a misdemeanor case, and Code Ann. § 27-2529 permits the imposition of a fine in a felony case where the sentence is probated. However, the General Assembly has not seen fit to permit the imposition of both a fine and imprisonment as punishment for a felony, except in specified cases, and possession of phencyclidine with intent to distribute is not one of these. See Code Ann. § 79A-811. Accordingly, that portion of the defendant's sentence imposing a $5,000 fine is vacated.

4. The remainder of the court's charges were not erroneous for any of the reasons assigned.

5. Enumeration of error No. 7, dealing with the denial of a request to charge, is abandoned for failure to provide authority or substantial argument in support thereof.

*Judgment affirmed in part and vacated in part. Webb, P. J., and Underwood, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED MARCH 2, 1979 — REHEARING DENIED MARCH 16, 1979 —

*Larsen & Lewis, W. W. Larsen, Jr.,* for appellant.
*H. R. Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.