A90A0986. SIRMANS v. THE STATE.
(395 SE2d 307)

BIRDSONG, Judge.

Theo Sirmans appeals his conviction of aggravated assault by firing a .12 gauge shotgun into his nephew's home. He was sentenced to fifteen years imprisonment, with five years to serve and ten years on probation.

The evidence at trial showed that in the early morning hours of October 10, 1989, someone fired a shotgun into the house where Allen Sirmans and his family were sleeping. Buckshot hit the picture window of the house and some of the pellets penetrated the window, striking the walls and furniture inside.

Although no one saw who fired the shot, Allen Sirmans heard a pickup truck with a loud motor driving away toward the nearby Georgia-Florida state line. He also testified that his uncle had a pickup truck with a loud motor. Other witnesses testified that they heard and saw a truck of the same make and model as the one owned by Sirmans driving from the direction of Allen Sirmans' home toward the state line. Further, not long after the event, Allen Sirmans went to Sirmans' home and store, saw that he was not there, and then saw Sirmans driving his truck on a route which one could use to return from Florida to Sirmans' store without passing Allen Sirmans' home. The evidence showed that there was not much traffic at that time of the morning.

A short time later Sirmans was questioned at this store by a deputy sheriff and by his brother, Allen Sirmans' father. At that time they retrieved a .12 gauge shotgun from Sirmans' truck, and found that it recently had been fired. Sirmans explained this by saying that, although it was not deer season, he had shot a deer that morning, and got some meat. There was no evidence in the truck, however, showing that a deer had been shot. Additionally, at trial Sirmans also gave other explanations for his conduct that morning, and called an alibi

witness who testified that Sirmans did not mention either shooting, or shooting at a deer that morning.

Allen Sirmans also testified that the day before the shooting he had angered Sirmans by laughing at him and not helping him when Sirmans was in a fight with another man. Also, the evidence of the similar transactions was to the effect that, when angry, Sirmans used firearms and, indeed, shot at others with a shotgun.

Sirmans contends that the trial court erred by permitting his cross-examination about why he had not informed a GBI agent about an alibi, by allowing the State to introduce the evidence of similar transactions, and by denying his motion for a new trial based upon the failure of the State to prove his guilt beyond a reasonable doubt. *Held*:

1. The first enumeration asserts the trial court erred by allowing the district attorney to question Sirmans whether he told a GBI agent about his alibi witness after the GBI agent had advised him of his rights. Since the record shows no objection was made at the time of the cross-examination, there is nothing presented here for appellate review. *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8); *Fowler v. State*, 155 Ga. App. 76 (270 SE2d 297). Further, there is no issue here about violating Sirmans' right to remain silent since Sirmans did not rely upon his rights, but instead made a statement to the agent explaining his whereabouts that morning. See *Malone v. State*, 181 Ga. App. 563, 564 (353 SE2d 60).

2. The second enumeration contends the trial court erred by permitting the State to introduce evidence of similar offenses. The record shows, however, that not only was no objection made, but Sirmans' defense counsel stated she had no objection to the introduction of this evidence. Accordingly, there is nothing presented here for our consideration. *Pulliam v. State*, supra; *Fowler v. State*, supra.

3. Sirmans' final enumeration of error contends the trial court erroneously denied his motion for a new trial because the State failed to prove his guilt beyond a reasonable doubt since his conviction was based on circumstantial evidence which failed to exclude every reasonable hypothesis but his guilt.

Where the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710); *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576). A conviction based on circumstantial evidence is authorized only if the "prove[n] facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused" (OCGA § 24-4-6), and if it meets this test, circumstantial evidence is as probative as direct evidence. *Christmas*

*v. State*, 171 Ga. App. 4, 7 (318 SE2d 682). Moreover, "[w]hether this burden has been met is a question for the jury." *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546); *Christmas v. State*, supra. Although the circumstantial evidence must exclude every other reasonable hypothesis save the defendant's guilt, it need not exclude every inference or hypothesis. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662).

On appeal, the presumption of innocence no longer avails and we must view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). Doing so, we conclude that the jury rationally could have found from the circumstantial evidence that every reasonable hypothesis was excluded except that Sirmans fired the shotgun into Allen Sirmans' home, and that the trial transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Sirmans was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the trial court did not err by denying the motion for a new trial.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 5, 1990.

*J. Carol Sherwood, Jr.*, for appellant.

*Robert B. Ellis, Jr.*, District Attorney, *Timothy L. Eidson*, Assistant District Attorney, for appellee.