A91A0130. HENDRIX v. THE STATE.
A91A0398. POPE v. THE STATE.
(405 SE2d 576)

BIRDSONG, Presiding Judge.

These are consolidated appeals. Steven M. Hendrix appeals his convictions for possession of cocaine with intent to distribute, possession of a firearm during the commission of a felony, and failure to provide proof of auto insurance. Jonathan L. Pope appeals his convictions for possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. Both complain of the

fines imposed with prison sentences on the cocaine charges.

The evidence, construed in favor of the verdict on appeal (*Sirmans v. State*, 195 Ga. App. 835, 837 (395 SE2d 307)), showed that about 2:00 a.m. on November 13, 1989, appellant Hendrix and appellant Pope were stopped for traffic offenses. Hendrix, the driver, was unable to provide proof of insurance and show a driver's license. A computer check showed his license had been suspended. As Hendrix was being arrested, the passenger, Pope, left the car and made a telephone call for the purpose of getting someone to come and get the vehicle. Pope was arrested after a police check revealed an outstanding warrant against him for failure to pay probation costs. The police immediately impounded the vehicle. During an inventory search, they found in the glove compartment three handguns, including a .357 Ruger revolver; in the locked trunk they found a plastic bag containing 24.2 grams of "crack" cocaine; and between the passenger seat occupied by Pope and the passenger door where he exited to make his telephone call, was found a leather bag containing small plastic bags with white residue. These small bags were of the sort frequently used in drug sales.

Hendrix produced at the scene two papers. On one paper was written: "I Kenneth A. Young A perfect state of mind is renting my car to Stephen M. Hendrick [sic] on this date of 5 of Nov 1989 for one seven day Period will pick my car up on 12th of Nov 89. Renting for the Sum of $150.00 . . . *Kenneth A Young* (Renter) *Stephen M Hendrix* (Rentee) [date/witnesses]." Appellant Hendrix also produced a "bill of sale," dated November 6, 1989, showing he purchased the vehicle from Kenneth Young as of that date by agreement to "take up payments." *Held*:

1. The driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access. *Moore v. State*, 155 Ga. App. 149, 150-151 (270 SE2d 339). More precisely, where immediate and exclusive possession of an automobile is shown, the inference is authorized that the owner of such property is the owner of what is contained therein. This inference, however, is a rebuttable presumption, and the inference does not arise where there is evidence that the defendant has not been in possession of the vehicle for a period of time prior to the discovery or that others have had access to it. *Farmer v. State*, 152 Ga. App. 792, 795 (264 SE2d 235). Considering fully the evidence offered by appellant Hendrix to show either that he did not legally own the car or that the original owner had equal access to it, we conclude the jury could rationally find it unreasonable to believe the previous owner of the vehicle would have left 24.2 grams of cocaine and three guns in his car when he rented and then sold it

to appellant Hendrix eight days before Hendrix was arrested. The question of reasonability of hypothesis is a jury question, and we will not disturb their finding unless it is insupportable as a matter of law. *Harris v. State*, 236 Ga. 242 (223 SE2d 643); *Lewis v. State*, 149 Ga. App. 181 (254 SE2d 142); *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474). The presumption of possession and control being thus unrebutted, the jury could rationally find by inference that the driver and owner of the automobile (appellant Hendrix) had direct physical control over the cocaine in the locked trunk (to which he had the key) and the guns in the glove compartment, so as to be in actual possession of them; or that he had the power and intention to exercise dominion or control so as to be in constructive possession. *Anderson v. State*, 166 Ga. App. 459, 460 (304 SE2d 550). The evidence is sufficient to enable a rational trier of fact to find Steven M. Hendrix guilty of possession of cocaine with intent to distribute, possession of a firearm during the commission of a felony, and failure to provide proof of insurance, according to the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. As to appellant Pope, the conviction for possession of cocaine with intent to distribute is supported by the evidence that a small leather bag containing plastic bags of the sort used in the sale of cocaine, with white residue, was found between the passenger seat where he sat and the door where he exited to make his phone call; and by the evidence that when he saw Hendrix being arrested, Pope made a phone call whereby he attempted to have someone retrieve the vehicle, which would prevent its being impounded and searched. The evidence evinces at least a power and intention in Pope to exercise dominion or control of the vehicle and the cocaine, so as to amount to constructive possession. *Anderson*, supra. As to the cocaine charge, the evidence is sufficient to enable a rational trier of fact to find appellant Pope guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

We find otherwise as to Pope's conviction for possession of a firearm during commission of a felony. No evidence has been suggested to us that Pope had knowledge, actual or constructive, of the guns in the closed glove compartment. As to Pope, conviction on that charge is reversed.

3. We must vacate the imposition of fines in the sentence awarded to each appellant in addition to the prison sentences handed down for the cocaine charge. Contrary to what the State contends, OCGA § 17-10-8 does not authorize the imposition of a fine in every case where probation might have been given. It provides: "In any case where the judge may, by any law so authorizing, place on probation a person convicted of a felony, the judge may in his discretion impose a fine on the person so convicted as a condition to *such probation.*"

(Emphasis supplied.) This means only that the trial court may impose a fine when the trial court is authorized to and, in fact, does award "such probation." Where the trial court does not award probation, the imposition of a fine in addition to a prison sentence is outside the trial court's discretion and not authorized by any law cited to us. See *Castillo v. State,* 166 Ga. App. 817 (305 SE2d 629). The imposition of a fine in each case is therefore vacated. See *Taylor v. State,* 149 Ga. App. 362, 364 (254 SE2d 432).

*Convictions in Case No. A91A0130 affirmed, and sentence of fine vacated. Convictions in Case No. A91A0398 affirmed in part and reversed in part, and sentence of fine vacated. Pope and Cooper, JJ., concur.*

DECIDED APRIL 29, 1991.

*Russell & Mingledorff, John D. Russell,* for appellant (case no. A91A0130).

*Jerry C. Gray,* for appellant (case no. A91A0398).

*Timothy G. Madison, District Attorney,* for appellee.