## S97A0645. TILLER v. THE STATE.
(485 SE2d 720)

CARLEY, Justice.

The grand jury indicted Bobby Tiller for the following offenses: alternative counts of malice and felony murder; three separate counts of aggravated assault; and two separate counts of possession of a firearm during the commission of a felony. A jury found Tiller guilty of all counts and the trial court entered judgments of conviction thereon. For the alternative counts of malice and felony murder, the trial court sentenced Tiller to two life terms. For the three separate counts of aggravated assault, the trial court entered twenty-year sentences and, for the two separate counts of possession of a firearm, it entered ten-year sentences. Tiller appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Tiller enumerates the general grounds as to his conviction on the alternative malice murder count. Construing the evidence most

[1] The crimes were committed on November 4, 1995 and the grand jury indicted Tiller on December 4, 1995. The jury returned its guilty verdicts on January 31, 1996 and the trial court likewise entered its judgments of conviction and sentences on that day. Tiller filed his motion for new trial on February 27, 1996 and the trial court denied that motion on December 16, 1996. Tiller filed his notice of appeal on December 18, 1996 and the case was docketed in this Court on January 16, 1997. Tiller submitted his appeal for decision on March 10, 1997.

strongly in favor of the State shows the following: Masked gunmen robbed Tiller and he thought he recognized one of those gunmen as Shawn Reynolds. Several days later, Tiller and a group of his friends set out in a borrowed car to find Reynolds. After parking the car, Tiller and his group were approaching on foot what they thought was Reynolds' house when they saw Reynolds exit the adjoining residence. Tiller fired one shot at Reynolds, but missed, and Reynolds dropped to the ground. Tiller and his group ran back to the car. As they drove off, Tiller repeatedly fired shots into the house believed to be occupied by Reynolds. In fact, the house belonged to Reynolds' aunt, Mildred Veasely. One of the bullets Tiller fired into the house struck and killed Mrs. Veasely. Two of Mrs. Veasely's sons were also in the house, but they were not hit by any of the bullets fired by Tiller.

Tiller urges that the State's evidence was insufficient to prove that it was he, rather than another member of his group, who fired the fatal shot into Mrs. Veasely's house. The evidence authorized the jury to find that only one member of the group other than Tiller actually fired a gun and that he merely shot into the air some distance from Mrs. Veasely's house. Accordingly, the evidence was sufficient to support the jury's verdict.

Tiller further urges that the State failed to prove his criminal intent and that the direct evidence is consistent with his lack of an intent to harm anyone.

> "A wanton and reckless state of mind is sometimes the equivalent of a specific intent to kill, and such state of mind may be treated by the jury as amounting to such intention when the wilful and intentional performance of an act is productive of violence resulting in the destruction of human life." [Cit.]

*Bishop v. State*, 257 Ga. 136, 138 (1) (356 SE2d 503) (1987). Thus, if one " 'recklessly discharges a gun into a crowd, although at no particular person, and death results to someone, it is of course settled law that such killing is murder. [Cits.]' " *Huntsinger v. State*, 200 Ga. 127, 133 (1) (36 SE2d 92) (1945). Likewise,

> [i]f one who was engaged in a personal difficulty with another fired upon him with a pistol, and, as the latter ran away, again fired at him, but missing him killed a third person who was near by, such killing would be murder, and not involuntary manslaughter.

*Durham v. State*, 70 Ga. 264 (10) (a) (1883). Here, the jury was authorized to find that, after intentionally firing at Reynolds and

missing, Tiller persisted and intentionally fired into a house which he thought belonged to Reynolds and in which Reynolds presumably had taken shelter after the first shot had missed. This evidence was sufficient to authorize a rational trier of fact to find proof of Tiller's guilt of the malice murder of Mrs. Veasely beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Tiller enumerates the general grounds as to his conviction on the alternative felony murder count, but we need not address the sufficiency of the evidence as to this count. Since the trial court correctly entered a judgment of conviction on the jury's verdict finding Tiller guilty of the malice murder of Mrs. Veasely, the felony murder charge was vacated by operation of OCGA § 16-1-7. *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). It follows that the judgment of conviction and life sentence erroneously entered by the trial court as to the alternative felony murder count must be vacated.

3. One of the aggravated assault counts was based upon Tiller's act of shooting at Reynolds and, as to his conviction on this count, Tiller enumerates the general grounds. His contention is that there was no evidence that Reynolds had any reasonable apprehension of injury. Pursuant to OCGA § 16-5-20 (a) (1) and (2), an "assault" can consist of an act which places another in reasonable apprehension of immediately receiving a violent injury *or* of an attempt to commit a violent injury to the person of another. Where the "assault" at issue consists of an attempt to commit a violent injury to the person of another, awareness on the part of the victim is not an essential element of the crime. See *Sutton v. State*, 245 Ga. 192, 193 (1) (264 SE2d 184) (1980); *Brown v. State*, 200 Ga. App. 537 (1) (408 SE2d 836) (1991). Construing the evidence most strongly for the State, the jury was authorized to find that Tiller intentionally fired at the unarmed Reynolds, but missed. By so doing, Tiller attempted to commit a violent injury to the person of Reynolds. "[I]ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault. [Cits.]" *Steele v. State*, 196 Ga. App. 330, 331 (2) (396 SE2d 4) (1990).

Moreover, contrary to Tiller's contention, the jury was authorized to find that Reynolds was placed in reasonable apprehension of immediately receiving a violent injury, since he heard the shot and fell to the ground to avoid being shot at again. See *Hurt v. State*, 158 Ga. App. 722, 723 (282 SE2d 192) (1981). It follows that the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Tiller's guilt of committing an aggravated assault against Reynolds under OCGA § 16-5-20 (a) (1) or (2). *Jackson v. Virginia*, supra. Compare *Phillips v. State*, 250 Ga. 336, 338 (3) (297 SE2d 217) (1982) and *Merrell v. State*, 162 Ga. App. 886, 887 (2)

(293 SE2d 474) (1982) (no evidence of defendant's attempt to commit a violent injury or of victim's reasonable apprehension of receiving a violent injury).

4. The victims in the remaining two aggravated assault counts were Mrs. Veasely's two sons who were present in the house, but who were not actually shot. Tiller enumerates the general grounds as to his convictions on these two counts and, again, his contention is that there is no evidence of the two victims' reasonable apprehension of injury. Although neither of the two victims was shot, Tiller's convictions are not based solely upon the act of pointing a gun at them. See *Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670) (1987). Construing the evidence most strongly for the State, Tiller intentionally fired into Mrs. Veasely's house, doing so without concern for safety of its inhabitants and with the apparent intent to hit or scare Reynolds. The evidence authorized a rational trier of fact to find proof beyond a reasonable doubt of Tiller's guilt of aggravated assault by attempting to commit a violent injury to the occupants of the house who, as it turned out, were two of Mrs. Veasely's sons. *Jackson v. Virginia*, supra. See also *Best v. State*, 261 Ga. 30, 31 (1) (401 SE2d 732) (1991); *Hawkins v. State*, 260 Ga. 138 (2) (b) (390 SE2d 836) (1990); *Blackshear v. State*, 199 Ga. App. 839 (1) (406 SE2d 269) (1991); *Sirmans v. State*, 195 Ga. App. 835, 836 (3) (395 SE2d 307) (1990); *Arnold v. State*, 193 Ga. App. 206, 207 (1) (387 SE2d 417) (1989).

5. Asserting that two prospective witnesses for the State had violated the rule of sequestration, Tiller moved for a mistrial. The trial court denied the motion. Thereafter, the State never called one of the prospective witnesses and, when the other was called, the trial court instructed the jury that it was authorized to consider the witness' possible violation of the rule in determining his credibility. Notwithstanding the trial court's ameliorative instructions regarding the witness' credibility, Tiller enumerates as error the denial of his motion for a mistrial.

A violation of the rule of sequestration goes only to credibility, not admissibility. *Johnson v. State*, 258 Ga. 856, 857 (4) (376 SE2d 356) (1989). There was no reversible error in the trial court's denial of Tiller's motion for a mistrial. See *Hicks v. State*, 256 Ga. 715, 719 (12) (352 SE2d 762) (1987).

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Pamela L. Hendrix, Kevin R. Christopher,* for appellant.

*Fredric D. Bright, District Attorney, Paul L. Groth, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith,*

*Senior Assistant Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.