## A99A2336. VEAL v. THE STATE.
### (531 SE2d 422)

ELLINGTON, Judge.

In the first half of a bifurcated trial, Eric Veal was convicted by a jury of three counts of aggravated assault, OCGA § 16-5-21, possession of a firearm during the commission of a crime, OCGA § 16-11-106, and theft by receiving stolen property, OCGA § 16-8-7. Veal then entered guilty pleas to the remaining counts: possession of a firearm by a convicted felon, OCGA § 16-11-131, and violating the Georgia Street Gang Terrorism & Prevention Act, OCGA § 16-15-4 (a). Following the denial of his motion for new trial, Veal appeals, and for the reasons which follow we affirm.

1. Veal contends the evidence was not sufficient to convict him of aggravated assault and theft by receiving stolen property.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Heath v. State*, 240 Ga. App. 492 (1) (522 SE2d 761) (1999). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to support the verdict, the evidence showed Veal was among a large number of young people at Jack Todd's nightclub, Chocolate City, on July 11, 1998. A disturbance broke out inside the club when some of the customers began making gestures signifying an affiliation with a certain street gang, referred to as "throwing up gang signs." Veal slammed a bottle down and yelled, "all the FOLKS boys go outside." Several of the customers rushed outside, and gunfire erupted in the parking lot. Veal was slightly injured on the face and arm. A witness heard Veal "talking about killing somebody that shot in [his] face" and "talking about he was going to kill anybody or anything; he was ready to shoot somebody." One of the assault victims, Carolyn Jones, who lived in a

trailer on the adjacent property, was awakened by the gunfire and rushed out of the trailer to check on the safety of certain people she believed to be at the club. Jones' son and nephew, the other two assault victims, lay sleeping in the trailer. Jones saw Veal shooting in her direction. Several bullets from Veal's semiautomatic Intratec 9 millimeter gun ("Tec-9") pierced Jones' trailer. Several shell casings which were found around Jones' trailer were positively identified as having come from a Keltec 9 millimeter gun found in Veal's possession when he was arrested. In a videotaped statement which was shown to the jury at trial and in his live testimony at trial, Veal denied possessing or firing a gun in the parking lot that night.

(a) Veal contends the evidence was insufficient to support the aggravated assault convictions under either type of aggravated assault: an attempt to harm the victims (OCGA §§ 16-5-20 (a) (1); 16-5-21), or an act placing the victims in reasonable apprehension of immediately receiving a violent injury (OCGA §§ 16-5-20 (a) (2); 16-5-21). Construing the evidence most strongly for the State, Veal intentionally fired at Jones' trailer, doing so without concern for the safety of its inhabitants and with the intent to kill a person or persons he believed to be in or near the trailer. His intent to harm his desired victims is transferred to the actual victims. *Happoldt v. State*, 267 Ga. 126, 127-128 (1) (475 SE2d 627) (1996). "Where the 'assault' at issue consists of an attempt to commit a violent injury to the person of another, awareness on the part of the victim is not an essential element of the crime." (Citations omitted.) *Tiller v. State*, 267 Ga. 888, 890 (3) (485 SE2d 720) (1997), overruled on other grounds, *Dunagan v. State*, 269 Ga. 590, 593, n. 3 (502 SE2d 726) (1998). In *Tiller*, the Supreme Court of Georgia held that evidence the defendant fired a gun into an occupied building with the intent to harm someone he mistakenly believed to be inside was sufficient to support aggravated assault convictions as to other unknown inhabitants even in the absence of injury and in the absence of evidence the victims were in reasonable apprehension of being injured. Id. at 891 (4). In this case, the evidence authorized a rational trier of fact to find proof beyond a reasonable doubt of Veal's guilt of aggravated assault "by attempting to commit a violent injury to the occupants of the [trailer] who, as it turned out" were Jones, her son and her nephew. (Citations omitted.) Id.

(b) We further conclude the evidence was sufficient to support the verdict as to the theft by receiving charge. John Brooks testified that a Keltec 9 millimeter gun was stolen from him in Milledgeville during February 1998. The same gun, identified by serial number, was in Veal's possession when he was arrested. Veal offered no explanation for how the stolen weapon was acquired. The evidence was sufficient to convince a rational trier of fact of Veal's guilt of the

offense beyond a reasonable doubt. *Adams v. State*, 210 Ga. App. 151, 153 (2) (435 SE2d 514) (1993).

2. Veal contends the trial court erred in refusing to charge the jury on reckless conduct as a lesser included charge to aggravated assault. Because Veal took the stand and denied firing or even having a gun, contradicting witnesses who testified that he fired at the victims, "[t]he evidence presented only two possibilities: either [Veal] was unarmed and never fired a shot or he committed aggravated assault by . . . intentionally firing the gun toward the victims." *Hy v. State*, 232 Ga. App. 247, 249 (1) (501 SE2d 583) (1998). Therefore, there was no factual foundation for the reckless conduct instruction, and the trial court properly rejected that request to charge. *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).

3. Veal contends the trial court erred, in light of the bifurcation of the trial, in failing to impose limits on references to gang activities. Veal also contends his trial attorney provided ineffective assistance by failing to demand a mistrial when the trial court refused to specify limiting instructions for the bifurcated charges. Veal was charged with violating OCGA § 16-15-4 (a), "conduct[ing] or participat[ing] in [a] criminal street gang through a pattern of criminal gang activity." OCGA § 16-15-3 (2) defines a "[p]attern of criminal gang activity" as committing at least two offenses from a list deemed by the General Assembly to constitute criminal gang activity within a specified time period. The trial court found that the State's intended gang activity pattern evidence (specifically, Veal's convictions for an aggravated assault four years before the July 11, 1998 nightclub shooting and another aggravated assault one year before the nightclub shooting) would put Veal's character in issue. The trial court bifurcated the trial so that evidence of crimes occurring before July 11, 1998, would not be presented until after the jury returned a verdict on the charges arising from the July 11, 1998 melee.

Veal identified no references during the trial on the July 11, 1998 charges to his one- and four-year-old aggravated assault convictions. Having examined the record, we conclude that each of the references to gangs and gang activity made by the State or in response to questioning by the State referred only to the July 11, 1998 nightclub shooting.

> Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. . . . The fact that such part of the res gestae incidentally placed [Veal's] character in issue does not render it inadmissible. A trial judge's determination that evidence offered as part of the res gestae is sufficiently

informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Roberts v. State*, 221 Ga. App. 196, 197-198 (2) (471 SE2d 27) (1996). In this case, testimony from witnesses that a dispute in the nightclub involving gang signs preceded the parking lot shooting was admissible as part of the crime and as res gestae, even though the evidence incidentally put Veal's character in issue. Obviously, the trial court's failure to exclude admissible evidence was not error. And "counsel's failure to file a motion in limine to exclude admissible evidence or to object to such evidence at trial does not demonstrate deficient performance by counsel." *Hudson v. State*, 234 Ga. App. 895, 901-902 (3) (b) (iii) (508 SE2d 682) (1998).

Furthermore, even if Veal's counsel's failure to request limitations on references to Veal's previous gang activities constituted deficient performance, or the trial court's failure to formally impose such limitations was error, Veal has shown no prejudice from the absence of such limitations because no inadmissible evidence was introduced. Harm as well as error must be shown before a conviction will be reversed based on an evidentiary ruling. *Shelnutt v. State*, 234 Ga. App. 655, 656 (1) (506 SE2d 643) (1998). Similarly, a conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct prejudiced the defendant. *Ney v. State*, 227 Ga. App. 496, 499 (4) (489 SE2d 509) (1997).

4. Veal contends the trial court erred in admitting a staged photograph showing the trajectory of the bullet in the bedroom where two assault victims were sleeping. "Where posed photographs shot at a later time are used and there is testimony as to immaterial variations between the picture and the scene, the judge's decision to admit the pictorial representation will not ordinarily be reversed." *Eiland v. State*, 130 Ga. App. 428, 429 (1) (203 SE2d 619) (1973). In the challenged photograph, the two boys are seen lying on the bed in daylight and with their eyes open. A red cord is stretched to show the alleged path of a bullet recovered from the headboard. Veal argues the photograph was inflammatory because it had the boys, who did not testify, "looking at the jury members from the photograph" with expressions "clearly portray[ing] fear, surprise and reasonable apprehension that obviously was not present while the children continued to sleep through the event." An objective examination of the photograph does not bear out Veal's dramatic description; the photograph was no more than a demonstrative aid which served its purpose of showing how close the bullet came to striking the victims. The trial court did not abuse its discretion in admitting the photograph for that limited pur-

pose with appropriate cautionary instructions. *Deal v. State*, 233 Ga. App. 79, 83 (9) (503 SE2d 288) (1998).

5. Veal contends his trial attorney provided ineffective assistance in two other enumerations. Under the standard established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), one asserting his trial counsel's performance was so deficient as to deny him effective assistance of counsel under the Sixth Amendment

> must make two affirmative showings: that counsel's representation fell below an objective standard of reasonableness (i.e., that counsel performed deficiently); and that such deficiency prejudiced the defense. Concerning the prejudice component, the Court (in *Strickland*) held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Clark v. State*, 239 Ga. App. 245, 248 (5) (520 SE2d 245) (1999).

(a) Veal contends his trial attorney provided ineffective assistance in failing to call Chief Wayne Amerson as a material witness. First, Veal's trial counsel did not testify at the hearing on his ineffective assistance claim; therefore, we assume counsel's actions were strategic. Secondly, the testimony Veal's new counsel elicited from Amerson at the hearing merely showed that Amerson would have testified that he never saw Veal wearing a blue or black bulletproof vest on the night of the shooting. But the identification testimony was not limited to descriptions of his clothing — Veal was specifically identified at trial by witnesses who knew him. The trial court's determination that Veal failed to establish his counsel had provided ineffective assistance was not clearly erroneous.

(b) Veal contends his trial attorney provided ineffective assistance in failing to hear or remember certain testimony during trial due to poor health. But the only evidence that his trial counsel suffered any "debilitating disease," allegedly multiple sclerosis, was Veal's testimony that his counsel seemed confused and fatigued as

the trial progressed. Cf. *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997); *Waddell v. State*, 190 Ga. App. 499-500 (1) (379 SE2d 592) (1989). But the trial judge, who had the opportunity to observe trial counsel during the trial, concluded that there was no merit to Veal's contention that his counsel was too confused and fatigued to represent him competently. The trial excerpts Veal identified as demonstrating his counsel's inability to hear and understand show at most ordinary human imperfections. "The Sixth Amendment does not require perfect representation, only assistance sufficient to assure the accused due process of law." *Levin v. State*, 222 Ga. App. 123, 128 (8) (473 SE2d 582) (1996). Again, the trial court's determination that Veal's ineffective assistance claim had no merit was not clearly erroneous. *Nealy v. State*, 239 Ga. App. 651, 653-654 (3) (522 SE2d 34) (1999).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED MARCH 17, 2000 — 

*William D. Phillips*, for appellant.
*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney*, for appellee.